```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X    CIVIL ACTION NO.
HALLAM DYAL,

                    Plaintiff,
                                         COMPLAINT
    -against-

CITY OF NEW YORK and POLICE OFFICER
FARAH QUISENBERRY,
                                         JURY TRIAL DEMANDED

                    Defendants.
------------------------------------X
```

Plaintiff, complaining of the defendants, by his attorney, MICHAEL DREISHPOON, ESQ., respectfully shows to this Court and alleges:

**THE PARTIES**

1. At all times hereinafter mentioned, plaintiff, HALLAM DYAL, was and still is a resident of the State of New York, Queens County.

2. At all times relevant and material herein, defendant, CITY OF NEW YORK, was and still is a domestic municipal corporation, duly organized and existing under, and by virtue of, the Laws of the State of New York.

3. At all times relevant and material herein, defendant, POLICE OFFICER FARAH QUISENBERRY (Tax Registry No. 931962) (hereinafter referred to as "P.O. QUISENBERRY"), was an employee of the New York City Police Department.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343 in that it alleges a claim for relief arising under 42 U.S.C. § 1983.

5. Additionally, this Court has supplemental jurisdiction of the state and common law claims asserted herein pursuant to 28 U.S.C. § 1367 because such claims form part of the same case or controversy over which this court has original subject matter jurisdiction.

6. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district or, in the alternative, defendant CITY OF NEW YORK, is subject to personal jurisdiction in this district.

## ALLEGATIONS PERTAINING TO ALL OF PLAINTIFF'S CLAIMS

7. At all times relevant and material herein, defendant, CITY OF NEW YORK, maintained, managed, supervised and controlled the New York City Police Department (hereinafter referred to as "NYPD") as part of, and in conjunction with, its municipal functions.

8. At all times relevant and material herein, defendant, P.O. QUISENBERRY, was an employee of the NYPD.

9. At all times hereinafter mentioned, and upon information and belief, defendant, CITY OF NEW YORK, employed and supervised P.O. QUISENBERRY.

10. Upon information and belief, P.O. QUISENBERRY, was a graduate of the Police Academy of the NYPD.

11. At all times relevant hereto, defendant, CITY OF NEW YORK, had the duty to competently and sufficiently train, within the Police Academy and at the command, precinct and patrol levels, P.O. QUISENBERRY, and to conform her conduct to a standard for the protection of individuals, such as Plaintiff, against the unreasonable risk of harm by conducting herself in such a manner so as to not intentionally, wantonly and/or negligently injure citizens such as Plaintiff.

12. In addition, at all times relevant hereto, defendant, CITY OF NEW YORK, had the duty to competently and sufficiently train, within the Police Academy and at the command, precinct and patrol levels, P.O. QUISENBERRY in the protection of the rights of Plaintiff under the Constitution of the United States of America.

13. Upon information and belief, and at all times hereinafter mentioned, P.O. QUISENBERRY was acting in her capacity as an employee, agent and/or servant of defendant, CITY OF NEW YORK.

14. At all times hereinafter mentioned, defendant, P.O. QUISENBERRY, was acting under the color of state law.

15. At all times herein mentioned, the defendants' acts constituted "state action."

16. Subsequent to an investigation of alleged illegal conduct not involving Plaintiff, P.O. QUISENBERRY placed Plaintiff under arrest at his home located at 138-08 223rd St., Laurelton, NY 11413. Plaintiff was placed in handcuffs and was thereafter detained against his will and incarcerated until his release.

17. Plaintiff was charged with Assault in the Third Degree (Penal Law § 120.00) and Harassment in the Second Degree (Penal Law § 240.26).

18. Without probable cause, just cause, reasonable grounds or provocation, P.O. QUISENBERRY placed Plaintiff in imminent fear of unlawful touching. In addition, P.O. QUISENBERRY actually touched Plaintiff in a hostile, offensive manner without his consent and with the intention of harmful or offensive bodily contact, and deprived him of his medication (insulin).

19. By reason of the foregoing acts by the defendants, Plaintiff was injured, and suffered, and will continue to suffer, continuous pain and anguish.

20. By reason of the foregoing acts by the defendants, Plaintiff was caused emotional anguish, distress and embarrassment, and upon information and belief, will continue to suffer same.

21. By reason of the foregoing, Plaintiff was compelled to remain incarcerated for approximately twenty-two (22) hours until he was released from custody on October 1, 2014.

4

22. Plaintiff was the subject of a New York City Criminal Court Complaint until the charges against him were dismissed on October 1, 2014.

### ALLEGATIONS PERTAINING TO PLAINTIFF'S CLAIMS UNDER STATE LAW

23. Before the commencement of this action, and within ninety days of September 30, 2014, a Notice of Claim containing the information required by law was duly served upon defendant, CITY OF NEW YORK, on December 13, 2014.

24. On April 15, 2015, a hearing pursuant to New York State's General Municipal Law § 50-h, was held.

25. More than thirty (30) days have elapsed since the claims upon which this action is based were presented to defendant, CITY OF NEW YORK, and said defendant has neglected and/or refused to make payment or adjustment thereof.

### FIRST CLAIM FOR RELIEF
### (COMMON LAW NEGLIGENCE)

26. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

27. Defendant, CITY OF NEW YORK, was negligent in its operation, management, supervision and control of its department, as well as in the training and conduct of P.O. QUISENBERRY and the other officers involved.

5

28. As a result of the above-mentioned negligence, NYPD officers, one of whom was P.O. QUISENBERRY, arrested and prosecuted Plaintiff.

29. As a result thereof, Plaintiff is entitled to judgment in the amount of $1,000,000.00.

### SECOND CLAIM FOR RELIEF (FALSE ARREST) (PURSUANT TO 42 U.S.C. § 1983)

30. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

31. On September 30, 2014, in the County of Queens, City and State of New York, the defendants, their agents, servants and/or employees wrongfully and falsely arrested, imprisoned and detained Plaintiff without any right or grounds therefore.

32. On September 30, 2014, the defendants wrongfully and falsely accused Plaintiff of committing the crimes of Assault in the Third Degree (Penal Law § 120.00) and Harassment in the Second Degree (Penal Law § 240.26).

33. The arrest and imprisonment of Plaintiff was caused by the defendants, their agents, servants and/or employees without any warrant or other legal process, and without authority of the law and without any reasonable cause or belief that Plaintiff was guilty of such crimes.

6

34. While Plaintiff was at his home located at 138-08 223rd St., Laurelton, NY 11413, the defendants, their agents, servants and/or employees wrongfully and unlawfully, against Plaintiff's wish and without probable or reasonable cause, violently handcuffed, arrested and imprisoned Plaintiff, and with full force of arms, laid hold of and compelled him to go with defendant, P.O. QUISENBERRY, and her brother police officers, and be detained and imprisoned in or near the 105th Precinct, located in the County of Queens, City and State of New York, for approximately twenty-two (22) hours until released from the arraignment courtroom on October 1, 2014.

35. Plaintiff was wholly innocent of the above-mentioned criminal charges and did not contribute in any way to the conduct that defendant , their agents, servants and/or employee were investigating, and was forced by the defendant to submit to the aforesaid arrest and imprisonment entirely against his will.

36. As a result of the aforesaid accusations made by the defendants, their agents, servants and/or employees acting under their employment and within the scope of their authority, made falsely, publicly and maliciously, Plaintiff was compelled to appear before a judge of the Criminal Court of the City of New York, Queens County and to be arraigned under docket number 2014QN057738 on October 1, 2014.

37. The defendants, their agents, servants and/or employees, as set forth above, on or about the above date, time and place, intended to confine Plaintiff. In addition, Plaintiff was conscious of the confinement, did not consent to the confinement, and the confinement was not otherwise privileged.

38. By reason of the false arrest, imprisonment and detention of Plaintiff, Plaintiff was subjected to great indignities, humiliation and ridicule, in being so detained, charged and prosecuted. Plaintiff also was denied and prevented from gaining access to medical care, and was then and there prevented and hindered from performing and transacting his necessary affairs of business, and was caused to suffer much pain in both mind and body, as well as loss of employment and the loss of employment opportunities.

39. As a result thereof, Plaintiff is entitled to judgment in the amount of $1,000,000.00.

**THIRD CLAIM FOR RELIEF**
**(COMMON LAW FALSE ARREST)**

40. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if more fully and at length set forth herein.

41. On September 30, 2014, at approximately 12:50 P.M., Plaintiff called 911 because his ex-girlfriend, Tracey Brown, broke the window on the back door of his home located at 138-08 223rd St., Laurelton, NY 11413.

42. When P.O. QUISENBERRY and her partner arrived, she wrongfully and falsely arrested, imprisoned and detained Plaintiff, without any right or grounds therefore.

43. P.O. QUISENBERRY wrongfully and falsely arrested Plaintiff and charged him with commiting the crimes of Assault in the Third Degree (Penal Law § 120.00) and Harassment in the Second Degree (Penal Law § 240.26).

44. The arrest and imprisonment of Plaintiff was caused by the defendants, their agents, servants and/or employees, without any warrant or other legal process, and without authority of the law, and without any reasonable cause or belief that Plaintiff was guilty of any crimes.

45. While Plaintiff was present at the above location, the defendants, their agents and/or employees, wrongfully and unlawfully, against his wish and without probable or reasonable cause, detained him, illegally searched him and then arrested and imprisoned him.

46. By reason of the foregoing, Plaintiff was compelled to remain incarcerated for approximately twenty-two (22) hours until he was released from jail on October 1, 2014. The case was dismissed at the October 1, 2014 arraignment, at the request of the Queens County District Attorney's Office.

47. Plaintiff was wholly innocent of any criminal charges and did not contribute in any way to the conduct of the defendants,

their agents, servants and/or employees, and was forced by the defendants to submit to the aforesaid arrest and imprisonment against his will.

48. As a result of the aforesaid false, malicious and public accusations made by the defendants, their agents, servants and/or employees, acting under their employment and within the scope of their authority, Plaintiff was compelled to be imprisoned.

49. Defendants, their agents, servants and/or employees, as set forth above, on or about the above date, time and place, intended to confine Plaintiff.

50. Plaintiff was conscious of the confinement and did not consent to the confinement.

51. In addition, the confinement was not "privileged."

52. By reason of the aforesaid, Plaintiff has been damaged in an amount to be determined at a trial of this action, but believed to be in excess of the jurisdictional limits of all lower courts, plus punitive damages, plus costs, attorney's fees and such other relief as this court may deem just and proper.

**FOURTH CLAIM FOR RELIEF (MALICIOUS PROSECUTION)**
**(PURSUANT TO 42 U.S.C. § 1983)**

53. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if more fully and at length set forth herein.

54. On September 30, 2014, while Plaintiff was lawfully and properly in the County of Queens, City and State of New York, and at subsequent times thereafter including, but not limited to, the 105th Precinct in Queens County, New York, the defendants, their agents, servants and/or employees maliciously prosecuted and detained Plaintiff without any just right or grounds therefore.

55. Plaintiff was and is wholly innocent of the charges that the defendants alleged that he committed, and was forced by the defendants to submit to court proceedings.

56. On October 1, 2014, before one of the honorable judges of the Criminal Court of the City of New York, Queens County, the defendants, their agents, servants and/or employees falsely, maliciously and without probable cause or provocation alleged that Plaintiff committed the following crimes: Assault in the Third Degree (Penal Law §120.00) and Harassment in the Second Degree (Penal Law § 240.26).

57. These charges were falsely and maliciously made.

58. A judge of the Criminal Court of the City of New York dismissed both charges under docket number 2014QN057738 on October 1, 2014 pursuant to the A.D.A.'s application.

59. The criminal charges and prosecution were instituted and procured by the defendants, their agents, servants and/or employees unlawfully, maliciously and without any reasonable or probable cause whatsoever therefore. The commencement and/or continuation of

11

the criminal proceedings by the defendants against Plaintiff was without probable cause, was with actual malice and was terminated in favor of Plaintiff.

60. By reason of the aforesaid unlawful and malicious prosecution, Plaintiff was deprived of his liberty, subjected to great indignity, humiliation, pain and great distress of mind and body, held up to scorn and ridicule, injured in his character and reputation, prevented from attending his usual business and vocation, and injured in his reputation in the community.

61. As a result thereof, Plaintiff is entitled to judgment in the amount of $1,000,000.00

## FIFTH CLAIM FOR RELIEF
### (COMMON LAW MALICIOUS PROSECUTION)

62. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if more fully and at length set forth herein.

63. On September 30, 2014, while Plaintiff was lawfully and properly in the County of Queens, City and State of New York, and at subsequent times thereafter including, but not limited to, the 105th Precinct, in Queens County, New York, the defendants, their agents, servants and/or employees maliciously prosecuted and detained Plaintiff without any just right or grounds therefore.

64. Plaintiff was and is wholly innocent of the charges that the Defendants alleged that he committed, and was forced by the defendants to submit to court proceedings.

65. On October 1, 2014, before one of the honorable judges of the Criminal Court of the City of New York, Queens County, the defendants, their agents, servants and/or employees, maliciously and without probable cause or provocation alleged that Plaintiff committed the following crimes: Assault in the Third Degree (Penal Law § 120.00) and Harassment in the Second Degree (Penal Law § 240.26).

66. These charges were falsely and maliciously made.

67. A judge of the Criminal Court of the City of New York dismissed all charges under docket number 2014QN057738 on October 1, 2014 pursuant to the A.D.A.'s application.

68. The prosecution, criminal charges and hearings were instituted and procured by the defendants, their agents, servants and/or employees in this action unlawfully, maliciously and without any reasonable or probable cause whatsoever therefore. The commencement and/or continuation of the criminal proceedings by the defendants against Plaintiff was without probable cause, was with actual malice and was terminated in favor of Plaintiff.

69. That by reason of the aforesaid unlawful and malicious prosecution, Plaintiff was deprived of his liberty, subjected to great indignity, humiliation, pain and great distress of mind and body, and held up to scorn and ridicule, injured in his character and reputation in the community.

70. As a result thereof, Plaintiff is entitled to judgment in the amount of $1,000,000.00.

**WHEREFORE**, Plaintiff demands judgment against the defendant as follows:

On each claim for relief, judgment in the amount of $1,000,000.00, and Plaintiff demands an additional sum of punitive damages against each defendant to be determined at the trial of this action; and in the event Plaintiff is a prevailing party, attorney's fees, interest, costs, and such other relief as to this Court shall deem just and proper.

Dated: April 29, 2016

Yours, etc.,

_____
Michael Dreishpoon, Esq.