UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X  CIVIL ACTION NO.
HALLAM DYAL,                            1:16-cv-02133-JBW-RER

                Plaintiff,

    -against-                         **AMENDED**
                                        **COMPLAINT**

SERGEANT KRISTEN ADAMES and POLICE
OFFICER EDWANA JOHNSON,
                              **JURY TRIAL DEMANDED**

                Defendants.
------------------------------------X

    Plaintiff, complaining of the defendants, by his attorney, MICHAEL DREISHPOON, ESQ., respectfully shows to this Court and alleges:

### THE PARTIES

    1. At all times hereinafter mentioned, plaintiff, HALLAM DYAL, was and still is a resident of the State of New York, Queens County.

    2. At all times relevant and material herein, defendant, SERGEANT KRISTEN ADAMES (hereinafter referred to as "ADAMES"), was an employee of the New York City Police Department.

    3. At all times relevant and material herein, defendant, POLICE OFFICER EDWANA JOHNSON (hereinafter referred to as JOHNSON"), was an employee of the New York City Police Department.

### JURISDICTION AND VENUE

    4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343 in that it alleges a

claim for relief arising under 42 U.S.C. § 1983.

5. Additionally, this Court has supplemental jurisdiction of the state and common law claims asserted herein pursuant to 28 U.S.C. § 1367 because such claims form part of the same case or controversy over which this court has original subject matter jurisdiction.

6. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district or, in the alternative, defendant CITY OF NEW YORK, is subject to personal jurisdiction in this district.

**ALLEGATIONS PERTAINING
TO ALL OF PLAINTIFF'S CLAIMS**

7. At all times relevant and material herein, defendant, ADAMES, was an employee of the NYPD.

8. At all times relevant and material herein, defendant, JOHNSON, was an employee of the NYPD.

9. Upon information and belief, ADAMES was a graduate of the Police Academy of the NYPD.

10. Upon information and belief, JOHNSON was a graduate of the Police Academy of the NYPD.

11. Upon information and belief, and at all times hereinafter mentioned, ADAMES was acting in her capacity as an employee, agent and/or servant of CITY OF NEW YORK.

12. Upon information and belief, and at all times hereinafter

2

mentioned, JOHNSON was acting in her capacity as an employee, agent and/or servant of CITY OF NEW YORK.

13. At all times hereinafter mentioned, defendant, ADAMES, was acting under the color of state law.

14. At all times hereinafter mentioned, defendant, JOHNSON, was acting under the color of state law.

15. At all times herein mentioned, the defendants' acts constituted "state action."

16. Subsequent to an investigation of alleged illegal conduct not involving Plaintiff, defendants, ADAMES and/or JOHNSON placed Plaintiff under arrest at his home located at 138-08 223rd St., Laurelton, NY 11413. Plaintiff was placed in handcuffs and was thereafter detained against his will and incarcerated until his release.

17. Plaintiff was charged with Assault in the Third Degree (Penal Law § 120.00) and Harassment in the Second Degree (Penal Law § 240.26).

18. Without probable cause, just cause, reasonable grounds or provocation, defendants, ADAMES and/or JOHNSON, placed Plaintiff in imminent fear of unlawful touching. In addition, defendants actually touched Plaintiff in a hostile, offensive manner without his consent and with the intention of harmful or offensive bodily contact.

19. By reason of the foregoing acts by the defendants,

Plaintiff was injured, and suffered, and will continue to suffer, continuous pain and anguish.

20. By reason of the foregoing acts by the defendants, Plaintiff was caused emotional anguish, distress and embarrassment, and upon information and belief, will continue to suffer same.

21. By reason of the foregoing, Plaintiff was compelled to remain incarcerated for approximately twenty-two (22) hours until he was released from custody on October 1, 2014.

22. Plaintiff was the subject of a New York City Criminal Court Complaint until the charges against him were dismissed on October 1, 2014.

### CLAIM FOR RELIEF (FALSE ARREST) (PURSUANT TO 42 U.S.C. § 1983)

23. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

24. On September 30, 2014, at approximately 12:50 P.M., Plaintiff called 911 because his ex-girlfriend, Tracey Brown, broke the window on the back door of his home located at 138-08 223rd St., Laurelton, NY 11413.

25. When defendants arrived, they wrongfully and falsely arrested, imprisoned and detained Plaintiff, without any right or grounds therefore and charged him with committing the crimes of Assault in the Third Degree (Penal Law § 120.00) and Harassment in

4

the Second Degree (Penal Law § 240.26).

26. The arrest and imprisonment of Plaintiff was caused by the defendants, their agents, servants and/or employees without any warrant or other legal process, and without authority of the law and without any reasonable cause or belief that Plaintiff was guilty of such crimes.

27. While Plaintiff was at his home located at 138-08 223rd St., Laurelton, NY 11413, the defendants, their agents, servants and/or employees wrongfully and unlawfully, against Plaintiff's wish and without probable or reasonable cause, violently handcuffed, detained, arrested and imprisoned Plaintiff, and with full force of arms, laid hold of and compelled him to be detained and imprisoned in or near the 105th Precinct, located in the County of Queens, City and State of New York, for approximately twenty-two (22) hours until released from the arraignment courtroom on October 1, 2014.

28. Plaintiff was wholly innocent of the above-mentioned criminal charges and did not contribute in any way to the conduct that defendants, their agents, servants and/or employee were investigating, and was forced by the defendant to submit to the aforesaid arrest and imprisonment entirely against his will.

29. As a result of the aforesaid accusations made by the defendants, their agents, servants and/or employees acting under their employment and within the scope of their authority, made

falsely and publicly, Plaintiff was compelled to appear before a judge of the Criminal Court of the City of New York, Queens County and to be arraigned under docket number 2014QN057738 on October 1, 2014.

30. The defendants, their agents, servants and/or employees, as set forth above, on or about the above date, time and place, intended to confine Plaintiff. In addition, Plaintiff was conscious of the confinement, did not consent to the confinement, and the confinement was not otherwise privileged.

31. By reason of the false arrest, imprisonment and detention of Plaintiff, Plaintiff was subjected to great indignities, humiliation and ridicule, in being so detained, charged and prosecuted. Plaintiff also was then and there prevented and hindered from performing and transacting his necessary affairs of business, and was caused to suffer much pain in both mind and body.

32. By reason of the foregoing, Plaintiff was compelled to remain incarcerated for approximately twenty-two (22) hours until he was released from jail on October 1, 2014. The case was dismissed at the October 1, 2014 arraignment, at the request of the Queens County District Attorney's Office.

33. As a result of the aforesaid false and public accusations made by the defendants, their agents, servants and/or employees, acting under their employment and within the scope of their authority, Plaintiff was compelled to be imprisoned.

34. By reason of the aforesaid, Plaintiff has been damaged in an amount to be determined at a trial of this action, but believed to be in excess of the jurisdictional limits of all lower courts, plus punitive damages, plus costs, attorney's fees and such other relief as this court may deem just and proper.

35. As a result thereof, Plaintiff is entitled to judgment in the amount of $1,000,000.00.

36. By Order of Magistrate Judge Ramon E. Reyes, Jr. on April 3, 2017, the parties having agreed to dismiss this case against arresting officer Farah Quisenberry and substitute in defendants Sergeant Kristen Adames and Police Officer Edwana Johnson, the Clerk of the Court was directed to amend the caption accordingly.

**WHEREFORE**, Plaintiff demands judgment against the defendants as follows:

judgment in the amount of $1,000,000.00, and Plaintiff demands an additional sum of punitive damages against each defendant to be determined at the trial of this action; and in the event Plaintiff is a prevailing party, attorney's fees, interest, costs, and such other relief as to this Court shall deem just and proper.

Dated:  Forest Hills, NY
        July 5, 2017

Yours, etc.,

Jeremy Gorfinkel, Esq.